UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEON TAYLOR, *Pro Se*, | ) | Case No.: 1:25 CV 1773 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| O.D.R.C., | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| Defendant | ) | <u>AND ORDER</u> |

*Pro Se* Plaintiff Leon Taylor, an Ohio inmate incarcerated in the Mansfield Correctional Institution, has filed an *in forma pauperis* "Complaint" in this case against the Ohio Department of Rehabilitation and Correction. (Doc. No. 1-1.) Plaintiff initially filed his Complaint in the Southern District of Ohio, which opened the case as a civil rights action and transferred the action here on the basis of venue. (*See* Doc. No. 2.)

Accordingly, Plaintiff's Complaint is now before this Court for initial screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Those statutes expressly require district courts to review all *in forma pauaperis* complaints, and any complaint filed in federal court in which a prisoner seeks redress from a governmental entity and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

A complaint fails to state a claim upon which relief may be granted when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), governs dismissals for failure to state a claim under §§ 1915(e)(2)(B) and 1915A).

Upon review, the Court finds that Plaintiff's *in forma pauperis* Complaint against the ODCR must be dismissed pursuant to §§ 1915(e)(2)(B) and 1915A. As an in initial matter, Plaintiff's pleading is virtually incomprehensible. He appears to seek damages and injunctive relief on the basis of alleged violations of his Eighth Amendment rights. But the ODRC is not a properly-named Defendant in a civil rights action, both because it is not a "person" subject to suit under 42 U.S.C. § 1983, *see Vizcarrondo v. Ohio Dep't of Rehab. & Corr*., No. 1:18-cv-1255, 2019 WL 6251775, at *5 (N.D. Ohio Nov. 22, 2019), and because a state and its agencies are immune from suit in federal court under the Eleventh Amendment unless immunity has been expressly waived. *Reid v. State of Tenn.*, 68 F.3d 475 (Table), 1995 WL 619964, at *1 (6th Cir. 1995). The ODRC is a state agency, and the State of Ohio has not waived its sovereign immunity in federal court for civil rights violations under § 1983. *See Danford v. Ohio Dept. of Rehab. and Corrs*., No. 2:10-cv-124, 2011 WL 245588, at *2 (S. D. Ohio Jan. 25, 2011) ("The ODRC is an agency of the State of Ohio. Neither the ODRC nor the State of Ohio have waived their sovereign immunity to suit in this court.").

**Conclusion**

Accordingly, Plaintiff's Complaint alleges no plausible civil rights claim against the ODRC

upon which he may be granted relief, and this action will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.[1]  Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

  IT IS SO ORDERED.

                */s/ SOLOMON OLIVER, JR.*
                UNITED STATES DISTRICT JUDGE

October 8, 2025

---

[1] This dismissal is without prejudice to any civil rights claim Plaintiff may assert in a new case against a proper party, accompanied by the filing fee or a proper motion to proceed *in forma pauperis* and all necessary U.S. Marshal forms and summonses.